Territorial Law Library

FILED
SUPERIOR COURT
GUAM

2013 JUN 19 AM 10: 39

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DONALD B. DAVIS, | CIVIL CASE NO. CV0710-12 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER ON MOTION TO DISQUALIFY ATTORNEY** |
| IHIAC, INC., CHEN Y. MACK, FRANCIS E. SANTOS, and NARCISA SAMONTE, | |
| Defendants. | |
| IHIAC, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| NARCISA SAMONTE, | |
| Third-Party Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on January 7, 2013 on Defendant IHIAC's Motion to Disqualify Plaintiff's Attorney and Firm. Attorney Jehan'ad G. Martinez represented Plaintiff Donald Davis. Attorney Catrina M. Campana represented IHIAC, INC. Attorney Wilfred R. Mann represented Defendant Chen Y. Mack. Attorney Michael Gatewood represented Defendant Francis E. Santos. Attorney Robert L. Keogh represented Third Party Defendant Narcisa Samonte. After a hearing on the matter, the Court took motion under advisement. The Court now issues its Decision and Order.



ORIGINAL

## BACKGROUND

Plaintiff Donald Davis sued Defendants on May 31, 2012. He seeks relief stemming from alleged interference on Defendants' part with his stock repurchase agreement with Narcisa Samonte. He also alleged Defendants Santos and Mack breached their duty of loyalty as corporate directors of IHIAC. In a February 8, 2013 Decision and Order, this Court granted leave to amend the Complaint pursuant to a Motion to Dismiss.

On September 26, 2012, Defendant IHIAC filed a Motion to Disqualify Attorney William Blair and the Law Office of Blair Sterling Johnson & Martinez ("BSJM") from representing Plaintiff. It is IHIAC's position that Attorney Blair is representing Davis in violation of Rule 1.9 of the Guam Rules of Professional Conduct. IHIAC alleges a conflict of interest exists because Blair performed legal services to the corporation in a substantially related matter. Additionally, IHIAC argues he is a necessary witness prohibited from advocating at trial under Rule 3.7 of the Guam Rules of Professional Conduct. In support of its Motion, IHIAC has filed Declarations by Counsel and Defendant Mack along with exhibits. Defendant Mack announced at the January 7, 2013 Hearing that she joined in IHIAC's motion. All other parties to the action refrained from taking a position in the matter.

On December 26, 2012, Plaintiff filed his Opposition to the motion, supported by a Declaration from Blair as well as exhibits. The argument presented in opposition is that neither William Blair nor BSJM ever represented IHIAC and thus no conflict exists under Rule 1.9. As to the Rule 3.7 allegations, it is argued that Blair is not a necessary witness as contemplated under the Rule.

## DISCUSSION

"Because motions to disqualify are often tactically motivated, they are strongly disfavored and are subjected to "particularly strict judicial scrutiny." S.E.C. v. King Chuen Tang, 831 F.Supp.2d 1130, 1142 (N.D.Cal. 2011) (citing Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985)). The Court must consider the factual record underlying such a motion in detail to determine whether the party seeking disqualification has sustained the

-2-

high standard of proof necessary to disqualify opposing counsel. <u>Capponi v. Murphy</u>, 772 F.Supp.2d 457, 471 (S.D.N.Y. 2009) (internal quotations omitted). As discussed below, IHIAC fails to meet this standard and the motion shall be denied.

## I.   **Conflict of Interest Analysis**.

Guam Rule of Professional Conduct 1.9 reads as follows:

(a) A lawyer who, has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
   (1) whose interests are materially adverse to that person; and
   (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
   (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
   (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Guam R. Prof'l Conduct 1.9. Under the Rule, the moving party must show a) a former representation of a client; b) the present representation involves a matter that is the same or substantially related to the subject of the prior representation; and c) the present representation is materially adverse to the interests of the former client.

IHIAC argues they have met all three requirements. This Court does not agree. The threshold issue before the Court on this matter is whether William Blair and the law firm of Blair Sterling Johnson & Martinez could be said to have represented IHIAC in the past. After reviewing the record, the Court finds neither Blair nor his firm represented IHIAC.

Defendant IHIAC provides declarations from Attorney Catrina M. Campana and Defendant Chen Yu Mack as well as exhibits in supporting the motion. Campana represents to the Court:

> Blair does not believe that he was counsel for IHIAC in 2008 and 2009, even though he conducted an IHIAC board meeting, drafted the incorporation documents, advised Defendants Chen Mack and Francis Santos regarding the process of purchasing [Zurich Insurance Guam, Inc.] and creation of IHIAC, and met with the insurance commissioner of Guam regarding the capitalization of IHIAC. Further, that he was paid for all legal services that he performed in forming and incorporating IHIAC.

*Campana Decl.* Sept. 26, 2012 ¶ 18. Defendant Mack, in her September 26, 2012 Declaration, states she believed Blair represented her and her interests in the lead-up to the formation of IHIAC and that she believed Blair represented IHIAC. *See* ¶ 5-8.

As the record reflects, there are no agreements or billings between Blair and IHIAC or Mack. To the contrary, the only billings in the record clearly show Blair was billing Plaintiff Davis directly. *See* Ex. I-L. That the corporation later reimbursed Davis and the other shareholders for legal expenses incurred informing the corporation does nothing to change Davis' status as client. The minutes for the meeting referred to by Campana reflect that Blair attended as attorney for Davis. See Ex. H p.1.

Blair acknowledges he drafted incorporation documents, but insists he did so on behalf of Davis, and in negotiations with Mack's attorney, Thomas Tarpley. *Blair Decl.* Dec. 26, 2012 ¶ 17(e). He outright denies advising Mack and Santos in the process of purchasing ZIG and IHIAC. *Id.* at ¶ 17(f). Blair admits to attending a meeting with the insurance commissioner, but states it was arranged and attended by another of Davis' advisors and was done so at the behest of Davis, not IHIAC. *Id.* at ¶ 17(j).

Blair rebuts Defendant Mack's representations that she believed he represented her. He states his representation of Davis began in 2003, when Davis required representation in a shareholder dispute within Staywell Guam, Inc. *Blair*

*Decl.* Dec. 26, 2012 ¶ 6. In that dispute, Mack was adverse to Davis. *Id.* at ¶ 9. As a result, Blair knew neither he nor his firm could never represent Mack or IHIAC and so never did. *See Blair Decl.* ¶ 18. In Blair's first contact with Mack regarding IHIAC, on October 6, 2008, he informed her that he represented Davis and that she needed to consult with her own attorney. *Id.* at ¶ 19.

IHIAC argues that even if there was no explicit attorney/client relationship, they "still supplied [the law firm] with just the kind of confidential data that it would have furnished a lawyer it retained, and it had a right not to see [that law firm] reappear within months on the opposite side of the litigation to which such data might be highly pertinent." Motion Memorandum at p.12 (quoting <u>Analytica, Inc. v. NPD Research Inc.</u>, 708 F2d 1263, 1269 (7th Cir. 1983). Davis's counterargument is that this case is distinguishable because in <u>Analytica</u>, all three co-owners sought legal representation from the same lawyer. <u>See Analytica</u> at 1268. The Court agrees with Davis. Here, in the lead-up to IHIAC's formation, indeed, even after formation, parties had their own representation. Under the circumstances, Mack's purported belief that Blair was her lawyer appears unreasonable.

It is for all these reasons that the Court finds neither Blair nor his firm represented IHIAC or Mack. Thus, the first requirement of a Rule 1.9 disqualification, a former representation of a client, is not met. The second and third requirements, that there be the same or substantially related subject of the prior representation and the present representation being materially adverse, are each premised on the existence of a prior representation. It follows that without the prior representation, the second and third requirements cannot be met. The motion to disqualify Blair and BSJM shall be denied.

## II. Necessary Witness Analysis.

IHIAC's motion is also based on Rule 3.7, which provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;

  (2) the testimony relates to the nature and value of legal services
    rendered in the case; or

  (3) disqualification of the lawyer would work substantial hardship
    on the client.

Guam R. Prof'l Conduct 3.7. Guam's Rule 3.7 is adapted from the 2002 iteration of the American Bar Association's Model Rules of Professional Conduct. Guam R. Prof'l Conduct cmt. at 1.

    Davis argues that Blair is not a necessary witness as contemplated under Rule 3.7 and cites to Finkel v. Frattarelli Bros., Inc., 740 F.Supp.2d 368 (E.D.N.Y. 2010).[1] "Where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate." Id. at 375. "The rule requires that a lawyer's testimony be necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue." Id. quoting Solow v. Conseco, Inc., 2007 WL 1599151 (S.D.N.Y. 2007).

    This Court agrees with Davis. Here, there are numerous parties available to provide testimony on the facts relevant to this case. In light of the stricter standards the Court must consider in motions to disqualify counsel as well as the circumstances in this case, the Court shall deny IHIAC's motion for disqualification on Rule 3.7 grounds.

//

//

//

//

//

---

[1] In Finkel, the Court noted it looks to the ABA's guidance and state disciplinary rules. New York's Code of Professional Conduct closely approximates those which Guam has based its own. See New York Rules of Professional Conduct.

Decision and Order
Case No. CV0710-12

## CONCLUSION

For the reasons discussed above, the motion to disqualify Attorney William Blair - and his firm of Blair Sterling Johnson & Martinez - from representing Plaintiff Donald Davis on Rule 1.9 and Rule 3.7 grounds is hereby **DENIED**.

The parties shall submit a proposed Scheduling Order and Discovery Plan prior to the next scheduling conference on August 12, 2013 at 2:00 p.m. *cal*

It is **SO ORDERED** this 18th day of June, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUN 1 9 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam



-7-